Case 8:24-ap-00136-CPM   Doc 5   Filed 05/28/24   Page 1 of 6

FILED
MAY 28 2024
Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

Via Intake 2:54 pm

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
Tyrone Lamar Williams
    Debtor
_____/

USBC No. 8:22-bk-04010-CPM

Chapter 13

Tyrone Lamar Williams
    Plaintiff,

vs.

Great Rooms Central, LLC;
Lawrence J. Pividal;
Paul Schaller;
Sharon Tomaszewski;
Laura Trevino;
    Defendant.

## ANSWER TO COMPLAINT

**Defendants,** Great Rooms Central, LLC, Lawrence J. Pividal, Paul Schaller, Sharon Tomaszewski, and Laura Trevino. Answer the Plaintiff's complaint as follows:

1. Admitted

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted that Plaintiff is bringing this action under §362 automatic stay but denies Plaintiff's allegation of an intentional violation of the automatic stay by Defendant(s).

8. Admitted that Plaintiff is also bringing this action under Florida Consumer Collection Practices Act Fla. Stat. §559.72 but denies Plaintiff intentionally violated that act.

9. Denied that any conduct of Defendant(s) was done with conscious disregard of the rights and safety of others. The conduct of having a person prosecuted under Fla. Stat. 812155 for failure to redeliver leased rental property.

10. Admitted.

## ANSWER/RESPONSE TO FACTUAL AND PROCEDURAL BACKGROUND

11. Admitted.

12. Admitted.

13. Admitted that Plaintiff filed for bankruptcy protection and included the debt owed to Great Rooms .

14. Admitted that §362 went into effect upon the filing of the Plaintiff's bankruptcy filing but it is well known that §362 does not provide a complete blanket of protection for a debtor. Plaintiff's own Exhibt C clearly states the filing of the case imposed an automatic stay against "most" collection activities.
The U.S. Bankruptcy Code, under Section 362(b)(1) says that your bankruptcy filing "does not operate as an automatic stay of the commencement or continuation of a criminal action or proceeding against the debtor. This means that the debtor, Mr. Williams, had no bankruptcy automatic stay protection from criminal matters of any sort.

15. Admitted that the Plaintiff filed a chapter 13 Plan which included Great Rooms.

16. Admitted.

17. Admitted.

18. Admitted Defendant(s) was aware of the meeting and actually a representative from Great Rooms, LLC was in attendance at that meeting.

19. Denied.

20. Denied.

21. Admitted that Mr. Williams paid Great Rooms around $800 post bankruptcy filing but it was done voluntary by Mr. Williams after he visited the store in which he purchased the merchandise under the lease to own agreement.

22. Admitted that a 1st Amended Chapter 13 plan was filed, Defendants are unaware of the reasons for that amended filing but note that it provided for the payment of 2 vehicle loans and

the proposed total monthly plan payment once again exceeded the total income the debtor stated he had available to make those payments.

23. Admitted that Mr. Williams stopped making payments.

24. Admitted that a letter was sent demanding return of the items.

25. Unknown and therefore denied.

26. Admitted that a Police report was filed due to failure to return the leased property.

27. (a) Admitted, (b) Denied, he could have gotten the merchandise back from the people he gifted them to, (c) Admitted to making the calls, denied they were an attempt to collect the debt, they were limited to the purpose of recovering the merchandise.

28. Unknown and therefore denied.

29. Unknown and therefore denied.

### COUNT I: Violation of the Automatic Stay –
### For collection prior to the criminal complaint.

30. NA

31. Admitted under limited circumstances.

32. Admitted under limited circumstances.

33. Denied that violation occurred in this case.

34. Denied that violation occurred in this case and that actual damages occurred.

35. Denied that violation occurred in this case and that punitive damages are warranted.

36. Denied that violation occurred in this case and that actual damages such as attorney fees are warranted.

37. Admitted that Great Rooms was aware of the bankruptcy proceedings and the automatic stay.

38. Denied.

39. Denied

40. Denied.

41. Denied.

42. Denied Great Rooms demanded money and threatened arrest if not paid.

43. Denied.

44. Denied any violation(s) took place and award of actual or punitive damages would be warranted.

## COUNT II – VIOLATION OF THE AUTOMATIC STAY –
### for collection efforts regarding the criminal complaint

45. NA

46. same answer

47. same answer

48. same answer

49. same answer

50. same answer

51. Same Answer.

52. Admitted.

53. Unknown, without knowledge, and therefore denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

### COUNT III: Violation of the Florida Consumer Collection Practices Act
### Fla. Stat §559.72(18)

66. NA

67. Admitted.

68. Admitted.

69. Admitted.

70. Admitted.

71. Denied, Plaintiff voluntarily initiated communication with the Defendant(s) in reference to his making payment arrangements on his account.

72. Denied.

73. Unknown, without information, and therefore Denied.

74. Admitted that Great Rooms made calls and sent text messages to Mr. Williams.

75. Admitted that Great Rooms went to Mr. Williams home.

76. Denied.

### COUNT IV: Violation of the Florida Consumer Collection Practices Act
### Fla. Stat. §559.72(10)

77. NA

78. Admitted.

79. Admitted.

80. Denied, referral of the Plaintiff's refusal to turn over the merchandise to law enforcement was not for the purpose of demanding payment.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

Wherefore, Defendants respectfully requests that the Court dismiss Plaintiff's complaint

_____
Great Rooms Central, LLC, Lawrence J. Pividal

_____ (ON BEHALF OF)
Lawrence J. Pividal, individually


_____
Paul Schaller


_____
Sharon Tomaszewski


_____
Laura Trevino

### CERTIFICATE OF SERVICE

**Defendants HEREBY CERTIFY** that a true and correct copy of the foregoing answer was emailed to Plaintiff's counsel on this 28th of May, 2024.