IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case No.: 8:22-bk-04010-CPM

TYRONE LAMAR WILLIAMS,

    Debtor.
_____/

Chapter 7

TYRONE LAMAR WILLIAMS,

    Plaintiff /, Debtor

vs.  Case No.: 24-136

GREAT ROOMS CENTRAL, LLC,

    Defendant.
_____/

**GREAT ROOMS, LAWRENCE J. PIVIDAL, PAUL SCHALLER, SHARON TOMASZEWSKI AND LAURA TREVINO'S
<u>MOTION TO DISMISS</u>**

| |
|---|
| **NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING** |
| **If you object to the relief requested in this paper you must file a response with the Clerk of Court at 801 N. Floria Avenue, Tampa, FL 33602 within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail. If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the** |

Case 8:24-ap-00136-CPM    Doc 14    Filed 06/21/24    Page 2 of 11

Creditor Triangle Chemical Company's Second Request for Documents to Debtor Chason Reed Peck
*In Re: Chason Reed Peck*
U.S. Bankruptcy Case No.: 23-12386-EPK (S.D. Fla.; West Palm Beach)

> **relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

Defendant **GREAT ROOMS CENTRAL, LLC.** ("**Great Rooms**"), Lawrence J. Pividal ("**Pividal"),** Paul Schaller ("**Schaller**"), Sharon Tomaszewski ("**Tomaszewski**"), and Laura Trevino ("**Trevino**") collectively (the "**Plaintiffs**"), by and through its undersigned counsel files this its Motion to Dismiss the Complaint filed by Tyrone Lamar Williams ("**Debtor**") pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and states as follows in support.

## Factual Background

1. On or about June 11, 2022, Debtor entered into a lease to own agreement with Great Rooms for a PlayStation (the "**PlayStation**").

2. On or about July 13, 2022, Debtor entered into a lease to own agreement with Great Rooms for an Apple computer (the "**Computer**").

3. The PlayStation lease and the Apple Computer lease between Debtor and Great Rooms are hereinafter (the "**Leases**"). A copy of the Leases is attached hereto as Composite Exhibit "**A**".

4. In each of the Leases under Paragraphs 11, Debtor initialed and signed that it was his "intent to rent this property rather than purchase it". Debtor further initialed and signed that "you may use the property for the term of this lease. At your option, you may renew

Case 8:24-ap-00136-CPM    Doc 14    Filed 06/21/24    Page 3 of 11

Creditor Triangle Chemical Company's Second Request for Documents to Debtor Chason Reed Peck
*In Re: Chason Reed Peck*
U.S. Bankruptcy Case No.: 23-12386-EPK (S.D. Fla.; West Palm Beach)

this Rental Agreement. To do this, you must make a rental payment in advance of each term for which you wish to rent the property." Payments under the lease were due monthly- accordingly, the Leases are month to month.

5. On or about <u>October 3, 2022</u>, Debtor file a Chapter 13 Bankruptcy Petition [Doc. 1] in case number 8:22-bk-0410-CPM (the "**Bankruptcy**").

6. Debtor did not list the PlayStation and did not list the Computer on his Schedule A/B Part 3. Debtor listed Great Rooms on his Schedule D describing the nature of the debt as a Purchase/Lease- however Great Rooms is not a creditor.

7. On <u>November 1, 2022</u>, Debtor's Meeting of Creditors was held wherein Debtor admitted that he no longer had possession of the PlayStation or the Computer because he **<u>gave them away</u>** and that he did not have possession of the PlayStation or the Computer when he filed bankruptcy. Accordingly, the PlayStation and the Computer are not and were not ever property of the bankruptcy estate.

8. Debtor filed the following Chapter 13 Plans:

    a. On <u>October 4, 2022</u>, Debtor filed the Initial Chapter 13 Plan [Doc. 5] including payments to Great Rooms and assumes the leases.

    b. On or about <u>May 29, 2023</u>, Debtor filed the Second Amended Chapter 13 Plan [Doc. 26] including payments to Great Rooms and fails to assume the leases.

    c. On or about <u>October 5, 2023</u>, Debtor filed the Third Amended Chapter 13 Plan [Doc. 32] which <u>does not include payments</u> to Great Rooms and <u>fails to assume the leases</u>.

Creditor Triangle Chemical Company's Second Request for Documents to Debtor Chason Reed Peck
*In Re: Chason Reed Peck*
U.S. Bankruptcy Case No.: 23-12386-EPK (S.D. Fla.; West Palm Beach)

Page 3 of 11

Case 8:24-ap-00136-CPM    Doc 14    Filed 06/21/24    Page 4 of 11

Creditor Triangle Chemical Company's Second Request for Documents to Debtor Chason Reed Peck
*In Re: Chason Reed Peck*
U.S. Bankruptcy Case No.: 23-12386-EPK (S.D. Fla.; West Palm Beach)

    d. On or about February 15, 2024, Debtor filed the Fourth Amended Chapter 13 Plan [Doc. 42] which includes payments to Great Rooms and fails to assume the leases.

    e. On or about March 29, 2024, Debtor filed the Fifth Amended Chapter 13 Plan [Doc. 54] which includes payments to Great Rooms and fails to assume the leases.

9. On January 1, 2023, Debtor filed his Amended Schedule A/B and did not list the PlayStation or the Computer under household goods and furnishings or electronics- because Debtor did not own the PlayStation or Computer any longer as he "gave it away" prior to filing this bankruptcy.

10. On or about February 16, 20245, Debtor filed a Proof of Claim 20 on behalf of Great Rooms. Great Rooms did not file its own Proof of Claim and is not a creditor in Debtor's bankruptcy, but is a lessor.

11. On or about June 7, 2024, an Order Confirming Chapter 13 Plan was entered which pays to Great Rooms $1,351.00.

12. On or about April 23, 2024, Debtor filed the three count Complaint alleging: (1) Violation of the Automatic Stay- for collection efforts prior to criminal complaint; (2) Violation of the Automatic Stay- for collection efforts regarding the criminal complaint; (3) Violation of the Florida Consumer Collection Practices Act Fla. §Stat. 559.72(18).

## The Automatic Stay

13. This Court has stated that, "[T]he commencement of a case creates a bankruptcy estate consisting of, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case"". *In re Bitman*, 628 B.R. 846, 848 (Bankr.

Case 8:24-ap-00136-CPM  Doc 14  Filed 06/21/24  Page 5 of 11

Creditor Triangle Chemical Company's Second Request for Documents to Debtor Chason Reed Peck
*In Re: Chason Reed Peck*
U.S. Bankruptcy Case No.: 23-12386-EPK (S.D. Fla.; West Palm Beach)

M.D. Fla. 2021). In other words, the protection afforded to the Debtor as well as all legal or equitable interests that the Debtor had on the petition date, including any possessory interest he had in the Subject Property, arose the instant he filed his bankruptcy petition, regardless of when the petition was entered on the docket." *Id*. at 849.

14. The automatic stay operates to enjoin a creditor from attempting to possess or to exercise control over property of a bankruptcy estate once a petition has been filed. 11 U.S.C. Section 362 (1998). Section 541 of the Bankruptcy Code provides that the bankruptcy estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case wherever located and by whomever held." 11 U.S.C. § 541(a)(1). *In re Fox*, 274 B.R. 909, 910 (Bankr. M.D. Fla. 2002).

15. Section 362(a)(3) prohibits "any act to obtain possession of **property of the estate** or of property from the estate or to exercise control over property of the estate." Section 362(c)(1) specifically provides that the automatic stay continues to protect estate assets until "such property is no longer property of the estate." *In re Lickman*, 297 B.R. 162, 188 (Bankr. M.D. Fla. 2003). *Emphasis added*.

16. Whether a debtor's interest in property of the estate or not is a federal question, the "nature and existence of the debtors' right to property is determined by looking at state law." *In re Fox*, at 910 *referring to Southtrust Bank of Alabama v. Thomas (In re Thomas),* 883 F.2d 991, 995 (11th Cir.1989).

17. "The filing of a petition under any chapter of the Bankruptcy Code operates as an automatic stay of, *inter alia,* "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6) (2009).". *In re White*, 410 B.R. 322, 325 (Bankr. M.D. Fla. 2009).

Case 8:24-ap-00136-CPM    Doc 14    Filed 06/21/24    Page 6 of 11

Creditor Triangle Chemical Company's Second Request for Documents to Debtor Chason Reed Peck
*In Re: Chason Reed Peck*
U.S. Bankruptcy Case No.: 23-12386-EPK (S.D. Fla.; West Palm Beach)

18. Here, the PlayStation and the Computer were NEVER property of the estate because Debtor gave those items away before he filed this bankruptcy case.

## Motion to Dismiss Counts I and II

19. Here, there can be no violation of the automatic stay under 11 U.S.C. § 362(a)(3) because Great Rooms has not taken any act to obtain possession of property of the estate as the PlayStation and the Computer are <u>not property of the estate</u>.

20. Here, there can be no violation of the automatic stay under 11 U.S.C. § 362(a)(6) (2009) because Great Rooms is not attempting to collect money under the Leases, rather Great Rooms sought return of the non-estate property.

21. This Court must dismiss the Compliant as there is no violation of the automatic stay because the PlayStation and the Computer were never property of the Debtor's bankruptcy estate as the Debtor gave the PlayStation and the Computer away before the bankruptcy was filed.

22. Great Rooms did not seek to enforce any debt as the agreement it had with Debtor was a lease- and not a security agreement. Great Rooms sought return of the leased goods which was within its rights as a lessor of personal property outside of a bankruptcy estate.

WHEREFORE, the Plaintiffs seek an Order dismissing Counts I and II and award any further relief this Court deems just and appropriate.

## Motion to Dismiss Count III

23. Section 559.55, Fla. Stat. governs Consumer Collection Practices in Florida. Section 559.55 (6) defines debt or consumer debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal,

Case 8:24-ap-00136-CPM   Doc 14   Filed 06/21/24   Page 7 of 11

Creditor Triangle Chemical Company's Second Request for Documents to Debtor Chason Reed Peck
*In Re: Chason Reed Peck*
U.S. Bankruptcy Case No.: 23-12386-EPK (S.D. Fla.; West Palm Beach)

family, or household purposes, whether or not such obligation has been reduced to judgment."

24. To recover under the Florida Consumer Collections Practices Act ("**FCCPA**"), a plaintiff must first show that the money being collected qualifies as a "consumer debt." *Agrelo v. Affinity Mgmt. Servs., LLC*, 841 F.3d 944, 950 (11th Cir. 2016).

25. A lease to own agreement does not constitute a "debt" under Florida Statute 559.55(6) because the payments made are considered rental payments of the use of property, and not an obligation to pay money arising out of a transaction for goods, services, or money lent for personal, family, or household purposes.

26. "Property rights in a bankruptcy case are determined under state law. Under Florida law, an agreement for the lease of personal property for personal or household use with a term of less than four months is deemed to be a lease and not a security agreement." *In re Jack*, 579 B.R. 627, 627–28 (Bankr. M.D. Fla. 2017).  In *Jack*, the found that because the debtor entered into a rental-purchase agreement of personal property with an initial term of two months, that the agreement is a true lease rand not a security agreement and compelled the Debtor to assume or reject the lease. *Id*. at 628.  Here, because the Leases include a term of less than four months, the agreement is a lease and not a security agreement.  Other courts analyzing state statutes have found that rental-purchase agreements are true leases and not security agreements under 11 U.S.C. § 365. *In re Porterfield*, 331 B.R. 480, 482 (Bankr. S.D. Fla. 2005).  Accordingly, Great Rooms there is no security agreement by virtue of the Leases- only leases which are subject to assumption or rejection- and an obligation to pay Great Rooms rent is not a consumer debt.

Case 8:24-ap-00136-CPM   Doc 14   Filed 06/21/24   Page 8 of 11

Creditor Triangle Chemical Company's Second Request for Documents to Debtor Chason Reed Peck
*In Re: Chason Reed Peck*
U.S. Bankruptcy Case No.: 23-12386-EPK (S.D. Fla.; West Palm Beach)

27. Debtor alleges that Great Rooms violated Debtor claims Great Rooms violated the Florida Consumer Collection Practices Act Under Fla. Stat. §559. 72(18) which sets forth that "In collecting consumer debts, no person shall:

> (18) Communicate with a debtor if the person know that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…

28. Here, Great Rooms was not attempting to collect a debt- rather to have the non-estate property returned to it.

29. Moreover, Great Rooms communication with Debtor was not related to the bankruptcy- because Great Rooms sought to have non-estate property returned to it.

WHEREFORE, the Plaintiffs seeks an Order dismissing Count III.

## **Motion to Dismiss Counts I, II, and III by Schaller**

30. Shaller seeks dismissal of this case as he is improperly named in the Complaint as a resident of Florida and owner of Great Rooms Central, LLC.

31. Schaller is not a member of Great Rooms and has never been a member of Great Rooms and therefore cannot be held liable for any of the allegations asserted in the Complaint. A copy of the Florida Division of Corporation records for Great Rooms is attached hereto as Exhibit "**B**".

32. This court lacks personal jurisdiction over him.

33. Schaller is the son of a member of Great Rooms only.

34. Schaller has not worked for Great Rooms.

35. Schaller other than his familial relationship with one or more of the members of Great Rooms has no legal ties to Great Rooms.

Case 8:24-ap-00136-CPM   Doc 14   Filed 06/21/24   Page 9 of 11

Creditor Triangle Chemical Company's Second Request for Documents to Debtor Chason Reed Peck
*In Re: Chason Reed Peck*
U.S. Bankruptcy Case No.: 23-12386-EPK (S.D. Fla.; West Palm Beach)

36. Because Schaller is not, and has never been, an owner or member of the Great Rooms, he must be dismissed from this action.

WHREFORE, Shaller seeks an Order dismissing him as a party to this action.

### **Motion to Dismiss Counts I, II, and III by Pividal, Schaller, Tomaszewsk, and Trevino**

37. A general principle of corporate law is that a corporation is a separate legal entity, distinct from the individual persons comprising them, and absent some reason to pierce the corporate veil, there is no basis for imposing the liability for corporate debts and obligations upon the individuals. *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008).

38. To plausibly state the causes of action against Pividal, Schaller, Tomaszewsk, and Trevino (the "**Individuals**"), it must be alleged that they are an alter ego of Great Rooms and they must pierce the corporate veil. Debtor has not alleged alter ego and as such the Individuals cannot be held liable for an alleged violation by Great Rooms.

39. "Those who utilize the laws of this state in order to do business in the corporate form have every right to rely on the rules of law which protect them against personal liability unless it be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purpose which justifies piercing of the corporate veil." Roberts' Fish Farm v. Spencer, 153 So. 2d 718, 721 (Fla. 1963).

40. Under Florida law, "[a] member or manager [of a Florida LLC] is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager." Fla. Stat. § 605.0304(1). *Hruska v. On the Edge Dockside LLC*, No. 19-14095-CIV, 2019

Case 8:24-ap-00136-CPM   Doc 14   Filed 06/21/24   Page 10 of 11

Creditor Triangle Chemical Company's Second Request for Documents to Debtor Chason Reed Peck
*In Re: Chason Reed Peck*
U.S. Bankruptcy Case No.: 23-12386-EPK (S.D. Fla.; West Palm Beach)

WL 5260276, at *2 (S.D. Fla. Aug. 2, 2019), *subsequently aff'd,* No. 20-10774, 2022 WL 1284253 (11th Cir. Apr. 29, 2022).

41. Here, there are no allegations that Pividal, Schaller, Tomaszewsky, and Treveno (the "**Individuals**") took any individual action complained of by Debtor and as such, the Compalitn fails to state a claim against Individuals.

WHREFORE, Pividal, Schaller, Tomaszewsky, and Trevino seek an Order dismissing Counts I, II, and III.

June 21, 2024.

## CERTIFICATE OF SERVICE

I hereby certify that I am admitted to the bar of this Court. I further certify that the foregoing document was served either by CM/ECF transmission or standard first class mail this 20th day of June 2023, to the following:

**Tyrone Lamar Williams**
1147 Enterprise Street
Lakeland, FL 33805
Debtor

**Alan D Borden**
Debt Relief Legal Group, LLC
901 W. Hillsborough Avenue
Tampa, FL 33603
Debtor's Attorney

/s/ *Allison D. Thompson*
Allison D. Thompson
Florida Bar No. 36981
adt@mechaniknuccio.com
**MECHANIK NUCCIO HEARNE & WESTER, P.A.**
305 South Boulevard
Tampa, Florida 33606-2150
(813) 276-1920 (Tel)

(813) 276-1560 (Fax)